IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

- v -

18-CR-6039 EAW

NATIONAL TECHNOLOGY
DEVELOPMENT, L.L.C.,

Defendant.

## PLEA AGREEMENT

The defendant, National Technology Development, L.L.C., and the United States Attorney for the Western District of New York hereby enter into this Plea Agreement with the terms and conditions as set forth below, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C).

## I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendant, National Technology Development, L.L.C., agrees to waive indictment by a grand jury and plead guilty to a one-count Information charging a violation of Title 18, United States Code, Section 1001(a)(3), for which the maximum possible sentence is a term of probation of up to five years, a fine of up to $500,000, restitution in the amount of any loss, forfeiture, and a Special Assessment of $400. The defendant understands that, subject to the provisions below relating to Fed. R. Crim. P. 11(c)(1)(C), the penalties set forth

in this paragraph are the maximum penalties that can be imposed by the Court for the charged

offense.

## II.   ELEMENTS OF THE CRIME

2.      The defendant understands the nature of the offense charged in the one-count

Information and understands that if this case proceeded to trial, the government would be

required to prove beyond a reasonable doubt the following elements of the crime:

    a.      The defendant used a writing which contained a false statement in a
            matter within the jurisdiction of the National Science Foundation;

    b.      The defendant acted willfully; that is, deliberately and with knowledge
            that the statement was untrue; and

    c.      The statement was material to the activities or decisions of the National
            Science Foundation; that is, it had a natural tendency to influence, or
            was capable of influencing, the agency's decisions or activities.

## FACTUAL BASIS

3.      The defendant and the government agree to the following facts, which form

the basis for the entry of the plea of guilty:

    a.      On or about May 12, 2008, in the Western District of New York and
            elsewhere, the defendant, National Technology Development, L.L.C.,
            provided a letter of support to United Environmental & Energy, L.L.C.,
            (UEE) in connection with UEE's National Science Foundation grant,
            which letter committed that National Technology Development, L.L.C.
            would provide a total of $100,000 to UEE in cost matching funds, when
            in truth and in fact, NTD actually provided only $55,000. The defendant
            agrees that this false statement was material to the National Science
            Foundation's consideration of the grant application submitted by UEE.

## III.   SENTENCING GUIDELINES

4.      The defendant acknowledges, understands, and agrees as follows:

2

a.      That this plea is taken pursuant to Fed. R. Crim. P. 11(c)(1)(C) and the parties have agreed that a specific sentence is the appropriate disposition of this case;

b.      The Court may accept this agreement, reject it, or defer a decision until the Court has reviewed the presentence report;

c.      If the Court rejects the plea agreement it will give the defendant the opportunity to withdraw the plea and advise defendant that if the plea is not withdrawn the Court may dispose of the case less favorably than the plea agreement contemplated;

d.      The Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## IV.   SENTENCING AGREEMENT

5.      This Plea Agreement between the government and the defendant is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), with an agreed-upon sentence consisting of only the following: Forfeiture as provided below, and a Special Assessment pursuant to 18 U.S.C. § 3013(a)(2)(B) in the amount of $400. The parties agree that NTD has no financial ability to pay a fine and that no fine should be imposed. The parties further agree that NTD has not in the past eight years been, and will not in the future be, conducting business, and that therefore a term of probation is unnecessary and would be a waste of judicial resources. The government agrees not to oppose defendant's request that the Presentence Investigation Report (PSR) be waived in this case so that the entry of a guilty plea and sentencing can occur at the same time.

6.      The defendant waives any defense based on the statute of limitations to the charges in the Information.

3

## V.  GOVERNMENT RIGHTS AND RESERVATIONS

7.  The defendant understands that the government has reserved the right to:

a.  Provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant and the circumstances surrounding the charge;

b.  Respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and

c.  Advocate for a specific sentence consistent with the terms of this agreement.

## VI.  FINANCIAL PROVISIONS

8.  The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed

4

necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

9.      The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

10.     The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and subject to immediate enforcement by the United States. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

11.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

5

## VII.   FORFEITURE PROVISIONS

12.     The defendant acknowledges that the government has commenced a civil forfeiture action against $529,218.05 Seized From Scottrade Inc. Account #29051994, and Approximately $89,165.79 Seized From Fidelity Management Trust Company Account #164-935522, under 16-CV-6129-MAT.  This plea agreement is subject to the execution and filing of a stipulation settling this civil forfeiture action pursuant to which the claimant in the civil forfeiture action agrees to forfeit $518,383.84 in United States Currency to the government and agrees to provide and execute any other documents the United States deems necessary to resolve the civil forfeiture action.

13.     It is expressly agreed and understood that the agreement for civil forfeiture or abandonment of property is binding upon the defendant and survives any voiding of this plea agreement.

14.     The defendant agrees that forfeiture of the aforementioned properties as set forth in this agreement shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not necessarily be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.  However, it is understood by the defendant that the government may, in its sole discretion, recommend to the Attorney General that any of the forfeited proceeds be remitted or restored to the eligible victims of the offense, pursuant to 18 U.S.C. § 981(e), 28 C.F.R. Pt. 9, and other applicable law, it being understood that the United States Attorney's Office has authority only to request such relief and that the final

6

decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law. The defendant further expressly understands that one of the factors to be considered by the Department of Justice in approving any such restoration request is whether or not the defendant has other assets with which he/she could pay the restitution judgment and the defendant shall have no recourse in the event the restoration request is denied.

## VIII.   APPEAL RIGHTS

15.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which is in accordance with, or more favorable to National Technology Development, L.L.C., than, the agreement of the parties pursuant to Fed. R. Crim. P. 11(c)(1)(C) set forth in this Plea Agreement. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue that the sentence agreed to by the parties in this Plea Agreement is the correct sentence.

16.    The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

17.     The government waives its right to appeal any component of a sentence imposed by the Court which is in accordance with, or less favorable to National Technology Development, L.L.C., than, the agreement of the parties pursuant to Fed. R. Crim. P. 11(c)(1)(C) set forth in this Plea Agreement. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue that the sentence agreed to by the parties in this Plea Agreement is the correct sentence.

## IX.     TOTAL AGREEMENT AND AFFIRMATIONS

18.     This plea agreement represents the total agreement between the defendant, National Technology Development, L.L.C., and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

19.     The United States Attorney's Office for the Western District of New York and the United States Attorney's Office for the Eastern District of Washington agree not to pursue or bring any criminal charges or civil claims against National Technology Development, L.L.C., or Advanced Engineering Research, L.L.C., or owners or officers of them, based on any information or allegations set forth or made in the Criminal Complaint in Case No. 16-MJ-4020 (W.D.N.Y.), or based on Small Business Innovation Research (SBIR) or Small Business Technology Transfer (STTR) program grant applications or proposals filed with the National Science Foundation, the United States Department of Energy, the United States

8

Department of Transportation or the United States Department of Agriculture between 2007

through 2015 , other than the charge set forth in the one-count Information in this case.

20.     Defendant National Technology Development, L.L.C., has the authority to

enter into this Plea Agreement, as set forth in the resolution attached hereto as Exhibit A.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY:     _____

TIFFANY H. LEE
Assistant United States Attorney

Dated:  March 27, 2018

JOSEPH H. HARRINGTON
United States Attorney
Eastern District of Washington

BY:     _____

TYLER H.L. TORNABENE
Assistant United States Attorney

Dated:  March 22, 2018

JOSEPH H. HARRINGTON
United States Attorney
Eastern District of Washington

BY:     _____

PATRICK CASHMAN
Assistant United States Attorney

Dated:  March 27, 2018

NATIONAL TECHNOLOGY DEVELOPMENT, through its duly authorized agent

and attorney, Jeffrey B. Coopersmith, Esq., agrees that this 10-page plea agreement represents

the total agreement reached between NATIONAL TECHNOLOGY DEVELOPMENT, L.L.C., and the government. No promises or representations have been made other than what is contained in this agreement.   The signatory of this agreement understands all of the consequences of the plea of guilty being entered on behalf of NATIONAL TECHNOLOGY DEVELOPMENT, and fully agrees with the contents of this agreement.   The signatory is signing this agreement voluntarily and of his own free will.

NATIONAL TECHNOLOGY DEVELOPMENT, L.L.C.
Defendant

By: JEFFREY B. COOPERSMITH, Esq.
   Counsel and authorized agent of Defendant
   NATIONAL TECHNOLOGY DEVELOPMENT, L.L.C.

Dated: March 27, 2018

## RESOLUTION OF NATIONAL TECHNOLOGY DEVELOPMENT, LLC

WHEREAS, National Technology Development, LLC ("NTD") has been engaged in discussions with representatives of the United States government concerning an investigation of NTD's conduct relating to grant funding provided by the National Science Foundation.

WHEREAS, the Managing Member of NTD has discussed with counsel the investigation and the proposed resolution thereof on the terms and conditions set forth in the Plea Agreement in the case styled *United States v. National Technology Development, LLC*, Case No. 18-CR-6039 EAW (the "Plea Agreement"), which case was commenced by the filing of a criminal Information against NTD, and counsel has advised the Managing Member of NTD's legal rights.

WHEREAS, the Managing Member of NTD has determined that resolution of the investigation on the terms and conditions contained in the Plea Agreement would be in the best interest of NTD.

WHEREAS, the Managing Member has been given the authority for this Resolution by a majority in interest of members of NTD.

NOW THEREFORE, BE IT:

RESOLVED, that NTD's outside counsel, Jeffrey B. Coopersmith of Davis Wright Tremaine LLP, is hereby directed and authorized to sign and enter the Plea Agreement and to enter a guilty plea on behalf of NTD as required by the Plea Agreement;

RESOLVED, NTD's outside counsel, Jeffrey B. Coopersmith of Davis Wright Tremaine LLP, is hereby authorized to take such other actions as may be required by NTD to carry out this Resolution and that all steps heretofore and subsequently taken to effect the purposes of the foregoing resolutions are hereby approved, ratified, and confirmed.

**IN WITNESS WHEREOF**, the undersigned has caused this resolution to be executed.

Dated: March 19, 2018

Haifang Wen, Managing Member,
National Technology Development, LLC